IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:99CR60 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DANIEL STEYSKAL, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

## Background

On August 6, 1999, a jury found Daniel Steyskal guilty on two counts: (1) conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 ("Count I") and (2) conspiracy to distribute anabolic steroids also in violation of 21 U.S.C. § 846 ("Count II") (Filing No. 49). After sentencing in district court, defendant filed a timely appeal of the sentence imposed (Filing No. 82). The United States Court of Appeals for the Eighth Circuit affirmed the defendant's sentence of 210 months as to Count I and 60 months as to Count II. See *United States v. Steyskal*, 221 F.3d 1345 (8th Cir. 2000) (unpublished), rev'd, 531 U.S. 1109 (2001).

Defendant then filed a Writ of Certiorari to the United States Supreme Court on October 2, 2000 (Filing No. 91). In his petition the defendant argued that the 210-month sentence on Count I exceeded the five-year maximum sentence under 21 U.S.C. § 841 (b)(1)(D). He did not petition the Court to review the 60-month sentence under Count II. The United States Supreme Court vacated the Eighth Circuit decision and remanded back to Circuit Court in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). See *Steyskal v. United States*, 531 U.S. 1109 (2001).

On remand, the Eighth Circuit affirmed the conviction and the 60-month sentence imposed on Count II.  *United States v. Steyskal*, 2001 WL 1820356 (8th Cir. 2001). Specifically the court said, "there is no longer a challenge to Steyskal's judgment of conviction, moreover, the parties do not contest the 60 month sentence on Count II (anabolic steroid conspiracy).  Accordingly . . . we affirm the judgment of conviction and the sentence imposed on Count II."  *Id.*  However, the court vacated the sentence imposed under Count I and remanded to this court for resentencing.  *Id.*

On remand this court approved a plea agreement entered into between Mr. Steyskal and the United States.  Pursuant to the agreement, defendant was resentenced to 24 months in prison under Count I to be served consecutive to the 60-month sentence already imposed and affirmed by the Circuit as to Count II (Filing No. 108).

Now before the court is defendant's motion pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 125).  Defendant raises the following three contentions in his § 2255 motion: (1) the district court erred when it imposed the original 60-month sentence pursuant to the plea agreement; (2) prosecutorial misconduct; and (3) ineffective assistance of counsel (Filing No. 125).  Each issue shall be discussed in turn.

### A. Waiver of the 60-Month Sentence

#### 1. Waiver by Plea Agreement

The first issue I shall consider is whether defendant waived his right to appeal the 60-month sentence under Count II.  Defendant argues that the 60-month sentence imposed pursuant to the plea agreement is too long.  In general, the court will enforce appeal waiver where it falls within scope of waiver, the plea agreement was entered into knowingly and voluntarily, and no miscarriage of justice would result.  See *United States*

*v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003). An appeal waiver is enforceable so long as it resulted from a knowing and voluntary decision. See *United States v. Michelsen*, 141 F.3d 867, 871-872 (8th Cir. 1998). In this case the defendant knowingly and voluntarily entered into the appeal waiver. As stated during the resentencing hearing:

> MS. MORAN (Government): . . . The other terms of the plea agreement are that the defendant and the government agree that he will be sentenced to five years (60 months) on count two, which the circuit has already affirmed, but that he would be sentenced to two years consecutive to that on count one, which is the conspiracy to distribute marijuana. He would be given credit for time served . . .
>
> THE COURT: You've lost me. His sentence on count two will remain the same, because that has been affirmed?
>
> MS. MORAN: Correct.
>
> THE COURT: On count one you are asking the court to give a sentence that would require that he do another two years, in addition to the five years on count two?
>
> MS. MORAN: Correct.

Resentencing transcript 8:9-25, Filing No. 133.

> Under oath Mr. Steyskal then agreed to the sentence and appeal waiver.
>
> THE COURT: Mr. Steyskal, you have heard the agreement that the government is willing to offer you. Did you hear that, sir?
>
> THE DEFENDANT: Yes, Your Honor
>
> THE COURT: . . . Are you willing to take this agreement with the government?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: . . . And you are doing this of your own free will; nobody is using any force against you or threatening you?
>
> THE DEFENDANT: No. It's my own free will.

> THE COURT: I will accept the agreement then. Now I want to be sure that you understand if you do this you are not going to be able to appeal the resentence and the government is not going to be able to appeal the resentence either. Do you under stand that?
>
> THE DEFENDANT: Yes, sir, I understand.

Resentencing transcript 10-12, Filing No. 133.

It is clear from the transcript that Mr. Steyskal did indeed knowingly and voluntarily agree to both the sentence and appeal waiver. Therefore, I find that the defendant's appeal of the sentence-plea is denied.

### 2. Failure to Appeal Directly

In addition the defendant could have brought this matter up on direct appeal. "The failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in a § 2255 motion." *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997), citing *United States v. Frady*, 456 U.S. 152 (1982). The failure to raise a claim on direct appeal causes the claim to be "procedurally defaulted." *Frady*, 456 U.S. at 167; *Swedzinski v. United States*, 160 F.3d 498, 500 (8th Cir. 1998). To obtain collateral review of procedurally defaulted issues, a defendant must show: (1) good cause that excuses the default and actual prejudice resulting from the alleged errors; or (2) that refusal to consider the claims would lead to a fundamental miscarriage of justice. *See Reed v. Farley*, 512 U.S. 339, 354 (1994); *Swedzinski v. United States*, 160 F.3d at 501. *See also United States v. Ward*, 55 F.3d 412, 413 (8th Cir. 1995) (failure to appeal an issue is a procedural default that bars collateral relief, absent a sufficient showing of cause for, and prejudice resulting from, the procedural default). Accord, *Willis v. United States*, 87 F.3d 1004, 1007 (8th Cir. 1996); *Reid v. United States*, 976 F.2d 446, 447-448 (8th Cir. 1992).

In the case sub judice, defendant appealed the 210-month sentence under Count I to the United States Supreme Court, but failed to petition the United States Supreme Court in regards to the 60-month sentence under Count II. Furthermore, the defendant failed to contest the 60-month sentence on remand to the Eighth Circuit. Finally, he both knowingly and voluntarily agreed to the plea agreement under oath in open court. Nor does the defendant make any showing of good cause, actual prejudice, or a fundamental miscarriage of justice. There is no evidence that defendant was improperly denied the right to appeal the sentence earlier. Therefore, I find defendant is procedurally barred from appeal of the 60-month sentence.

### B. Prosecutorial Conduct

I now turn to the issue of whether the prosecutor's conduct was proper. Defendant argues prosecutor's improper conduct on three counts: (1) the prosecutor did not provide witness statements in sufficient time prior to trial, (2) the prosecutor denied defendant his right to cross-examine government witness Pierre Brownell, and (3) the prosecutor led witness Chad Hamor to testify falsely.

#### 1. Receipt of Witness Statements

Defendant argues that the prosecutor did not provide witness statements to defendant in a timely manner. To prove prosecutorial misconduct the defendant must show that: (1) the prosecutor's remarks or conduct was improper, and (2) such remarks or conduct prejudicially affected the defendant's substantial rights to deprive him of a fair trial. See *United States v. Bussey*, 942 F.2d 1241, 1253 (8th Cir. 1991).

In this case defendant has not met his burden. In his brief the defendant merely asserts that he did not receive witness statements until the night before trial (Filing No.

125). Nothing in the record supports this claim. At no point during the trial did defendant's attorneys complain to the court regarding this issue. In fact, the government asserts that the defendant received witness statements up to a week before trial (Filing No. 134). In addition, defendant did not meet the burden of showing that, had he received the information sooner, the result of the proceeding would have been different. See *United States v. Pierce*, 792 F.2d 740, 741 (8th Cir. 1986). Therefore, defendant's claim that witness statements were not made available to him in sufficient time before trial are without merit.

### 2. Cross-Examination of Prosecution Witness Pierre Brownell

Defendant argues that prosecutor improperly denied him the right to cross-examine witness Pierre Brownell. "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against *him*. . . ." U.S. Const. amend. VI (emphasis added). In this case, although Pierre Brownell appeared on the list of possible prosecution witnesses, he never testified. Defendant's right to *cross-examine* never arose. Had defendant wanted, he could have called Brownell as a witness. Furthermore, a prosecutor has no duty to call witnesses for the defense. See *United States v. Tatum*, 496 F.2d 1282, 1284 (5th Cir. 1974). Therefore, defendant's claim in this regard is without merit.

### 3. Chad Hamor Testimony

Defendant argues that the prosecutor improperly led witness Chad Hamor to commit perjury. "In order to prevail on this ground, the burden is on petitioner to show that the witnesses' testimony was, in fact, perjured; that the perjured testimony was material to the conviction; and that the prosecution either participated in or had knowledge of the perjury." *Jackson v. United States*, 338 F. Supp. 7, 10 (D.C. N.J. 1971). In support of his claim

defendant offers no relevant evidence.

Witness Chad Hamor testified as to a threat that he received from the defendant in an answering machine message (Filing No. 134 at 9). Defendant contests the nature and motivation of the threat. At trial nineteen witnesses testified as to defendant's conspiracy to sell marijuana and steroids. These witnesses provided detailed information to the court regarding trips they made with the defendant to purchase drugs for sale. Thus, regardless of the veracity of Hamor's testimony, the defendant does not meet his burden of showing that the likely outcome of the trial would have been changed. In addition, the defendant offers no evidence to show that the prosecutor had any knowledge of the alleged perjury. Therefore, I find that the prosecutor acted properly in its examination of witness Chad Hamor.

### C. Effectiveness of Defendant's Counsel

Defendant claims ineffective counsel because his attorney failed to attempt to suppress evidence collected pursuant to a warranted search of defendant's domicile. The defendant bears the burden of showing counsel's deficient performance and that the deficient performance resulted in prejudice to the defendant. *Strickland v. Washington*, 446 U.S. 668, 696 (1984). "To establish prejudice, the defendant must demonstrate that absent counsel's errors, there is a reasonable probability that the result of the proceeding would have been different." See *Evans v. United States*, 200 F.3d 549, 551 (8th Cir. 2000), *citing Strickland*, 446 U.S. 668. "In order to prevail the defendant must show both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694.

In his § 2255 motion the defendant offers no evidence in support of his claim. Moreover, he offers no evidence to show why suppressing the fruits of the search would have likely changed the outcome of the case. As previously stated, nineteen witnesses provided detailed testimony as to Mr. Steyskal's involvement in the purchase for sale of marijuana and steroids. Further, this is the only charge the defendant makes regarding the adequacy of his representation during trial. In addition the defendant's counsel appealed defendant's case all the way to the United States Supreme Court. I consider such zealous advocacy by defendant's counsel as evidence of performance well above an objective standard of reasonableness. Therefore, I find defendant's counsel acted reasonably in his defense of Mr. Steyskal because the defendant has failed to meet his burden in this regard.

THEREFORE, IT IS ORDERED:

1. That Filing No. 125, Motion under 28 U.S.C. § 2255 to Vacate, filed by the defendant, is denied.

2. That a separate judgment of dismissal with prejudice will be filed in accordance with this Memorandum and Order.

DATED this 5th day of May, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
Joseph F, Bataillon
United States District Judge